THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANETTE TOC, as Natural Parent and Guardian of A.B., a minor child | : | |
| | : | |
| | : | |
| Plaintiff, | : | 3:25-CV-292 |
| v. | : | (JUDGE MARIANI) |
| | : | |
| WAL-MART STORES EAST, L.P. | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Presently before the Court is a motion dismiss, motion to strike, and motion for a more definite statement filed by Defendant Wal-Mart Stores East L.P. ("Defendant" or "Wal-Mart"). (Doc. 12). For the reasons that follow, the motion to dismiss and motion for a more definite statement will be denied and Wal-Mart's motion to strike will be granted as unopposed.

## I.    PROCEDURAL HISTORY

On February 19, 2025, Plaintiff Jeanette Toc, as natural parent and guardian of A.B., a minor child, filed a Complaint against Defendants Wal-Mart and OSL Retail Services, Inc ("OSL"). (Doc. 1). Plaintiff filed an Amended Complaint on March 25, 2025, which is the operative pleading in this matter. (Doc. 9). After the Defendants moved to dismiss the Amended Complaint, Plaintiff voluntarily dismissed OSL from this action without prejudice. (Docs. 16-17). Following OSL's voluntarily dismissal, Plaintiff now brings a single count of negligence against Wal-Mart. (Doc. 9 at 1-6).

On April 15, 2025, Wal-Mart moved to dismiss the Amended Complaint and filed a brief in support. (Docs. 12, 15). Plaintiff submitted its opposition brief on May 13, 2025. (Doc. 18). Wal-Mart did not file a reply addressing the arguments raised in Plaintiff's opposition brief. The motions have been briefed and ripe for disposition.

## II.    FACTUAL ALLEGATIONS

Plaintiff's Amended Complaint alleges the following:

This negligence actions arises from the alleged sexual assault and battery of Plaintiff's minor child A.B. by David Hipsman, a former employee of Wal-Mart's independent contractor OSL, who was working at the Wal-Mart stores in Milford and Honesdale Pennsylvania.[1] (Doc. 9, ¶¶ 15-19). Wal-Mart is alleged to have contracted with or otherwise maintains a business relationship with OSL, whereby OSL "manages, operates, and staff wireless sales outlets within Walmart Stores, and is the exclusive wireless sales and service provider at the Honesdale Store and the Milford Store." (*Id.*, ¶ 15).

On or about August 24, 2024, David Hipsman "committed a sexual assault and battery upon and invaded the privacy of the minor child, A.B., by touching her thigh and video recording up her dress." (*Id.*, ¶ 17). At the time of the alleged sexual assault and battery, Hipsman was working at the Honesdale Wal-Mart store "while he was on his shift

---

[1]    Plaintiff alleges that, at all times relevant, Wal-Mart "owned, operated, maintained, controled, possessed, occupied, and/or leased the premises" for the Honesdale Store and the Milford Store. (Doc. 9, ¶¶ 13-14). Plaintiff further alleges that A.B. "was a business visitor and/or public invitee lawfully upon the subject premises." (*Id.*, ¶ 24).

and acting as a direct employee" of OSL. (*Id.*, ¶ 18). Plaintiff alleges that "David Hipsman was permitted to be on the premises of the Honesdale Store despite the fact that he had committed a nearly identical sexual assault, battery, and invasion of privacy fourteen days earlier while at the Milford Store." (*Id.*, ¶ 19). More specifically, on or about August 10, 2024, David Hipsman is alleged to have assaulted another minor child "by repeatedly placing his cell phone with the camera app open on the floor next to her while she was wearing a skirt, acquiring images of her underwear from underneath her skirt." (*Id.*, ¶ 20). The August 10, 2024, alleged sexual assault at the Milford Store "was promptly reported to management at the Milford Store and loss prevention employees at the Milford Store communicated with local law enforcement and provided law enforcement with security footage confirming the acts committed by Hipsman." (*Id.*, ¶ 21). Nevertheless, "Hipsman was permitted to continue working for OSL and to continue working at the Honesdale Store." (*Id.*).

Plaintiff alleges that the inaction of OSL "in failing to terminate Hipsman's employment" allowed Hipsman "to have access to Walmart's vulnerable child customers and was enabled to commit sexual offenses against them." (*Id.*, ¶ 22). Similarly, the inaction of Wal-Mart "in failing to exclude Hipsman from working in any/all of it stores" allowed Hipsman "to have access to Walmart's vulnerable child customers and was enabled to commit sexual offenses against them." (*Id.*, ¶ 23).

The Amended Complaint brings a single count of negligence against Wal-Mart. (*Id.*, ¶¶ 26-32). Plaintiff alleges that the "carelessness, negligence, recklessness, wantonness, and outrageousness of Defendant Walmart in causing the aforementioned assault" consisted of the following acts and omissions:

- Once it was aware of the prior assault at the Milford Store, failing to communicate those facts both internally within Wal-Mart and externally to OSL to ensure that Hipsman was terminated or suspended from his employment pending investigation;

- Once it was aware of the prior assault at the Milford Store, failing to communicate those facts both internally within Wal-Mart and externally to OSL to ensure that Hipsman was banned from all Wal-Mart stores;

- Once it was aware of the prior assault at the Milford Store, failing to exclude Hipsman from its properties so that it would not expose its customers, including and especially vulnerable children, to his sexually predatory behavior;

- Failing to ensure that it had proper systems of internal and external communication and chain of command in place to ensure that the aforesaid termination and restrictions occurred;

- Failing to train and instruct its management team as to the importance of monitoring and observing independent contractors and in ensuring that only those independent contractors who did not place its customers at risk were allowed on their premises;

- Failing to warn customers, including and especially children, of the known risk of sexual assault and invasion of privacy posed by Hipsman while he was on their premises; and

- Consciously disregarded a known risk of sexual assault to its customers by failing to exclude Hipsman from its premises.

(*Id.*, ¶ 27(a)-(g)).

Plaintiff further alleges that as a direct and proximate result of Wal-Mart's negligence, carelessness, recklessness, wantonness, and outrageous actions and omissions, Plaintiff (on behalf of her minor child A.B.), "was obliged to expend various sums of money for medical care and attention and, in the future, will continue to have to spend various sums of money for her medical care and attention." (*Id.*, ¶ 29). Plaintiff further alleges that Wal-Mart's "failure to otherwise exercise due care and caution under the circumstances" will cause A.B. to "suffer significant and painful injuries, including mental, emotional, and/or psychological injury, and in the future will continue to suffer pain, agony, embarrassment, and humiliation" and that A.B. "was rendered unable to engage in her normal lifestyle and in the future, will continue to be impaired, and "has suffered an irreversible and serious invasion of her privacy." (*Id.*, ¶¶ 30-32).

### III.    STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678).  "The plausibility determination is 'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal,* 556 U.S. 679).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to this general rule exists where a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation marks and brackets omitted) (emphasis in original). The Court may also consider any "undisputedly authentic documents that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *PBCG v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Nonetheless, consideration of these documents "only goes so far [and w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Doe v. Princeton Uni.,* 30 F.4th 335, 342 (3d Cir. 2022).

In addition, Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings. It provides, in relevant part, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(e), which governs motions for a more definite statement provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

## IV.    ANALYSIS

Defendant Wal-Mart seeks dismissal of the negligence claim alleged in the Amended Complaint.  (Doc. 12).  In the alternative, Wal-Mart moves to dismiss Plaintiff's request for punitive damages.  (Doc. 12, ¶¶ 24-33).  Wal-Mart further seeks to strike all references to Plaintiff's bringing this negligence claim "Individually."  (*Id.*, ¶¶ 34-39).   Finally, Wal-Mart seeks a more definite statement.  (*Id.*, ¶¶ 40-47).  Plaintiff opposes Wal-Mart's motions but does not oppose Wal-Mart's motion to strike.  (Doc. 18).

### A.    Negligence

Wal-Mart moves to dismiss Plaintiff's negligence claim alleged in the Count I of the Amended Complaint.[2]  (Doc. 12).  Specifically, Wal-Mart claims that Plaintiff has failed to plausibly allege that it had a duty to protect her minor child from the alleged sexual assault and battery by an employee of its independent contractor, OSL, because Wal-Mart has no right of control over the actions of the employee of its independent contractor OSL.  (Doc. 15 at 9-11).  In opposition, Plaintiff asserts that Wal-Mart's position is incorrect and "simply misapprehends the nature of Plaintiff's claim."  (Doc. 18 at 4).  More specifically, Plaintiff claims that "Wal-Mart's citation to case law generally holding that a person employing a

---

[2]       The Court "must apply the substantive law its forum state in diversity action"—here, Pennsylvania.  *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (citations omitted).

contractor is generally not responsible for the tortious acts of an independent contractor disregards the crux of Plaintiff's claim—that Wal-Mart was negligent *as the possessor of the subject real property and operators or its stores.*" (*Id.*) (emphasis in original). Thus, Plaintiff do not "assert that Wal-Mart is vicariously liable for Mr. Hipsman's conduct under the doctrine of *respondent superior*" but instead claim Wal-Mart is subject to liability under Section 344 of the Restatement (Second) of Torts. (*Id.*). Because Wal-Mart did not file a reply brief, it failed to address any of the issues or arguments raised in Plaintiff's opposition brief.

To establish a cause of action for negligence under Pennsylvania law, the plaintiff must plausibly allege: (1) a duty or obligation recognized by law requiring the defendant to abide by a standard of care to protect against unreasonable risks, (2) the defendant failed to conform to that standard, (3) a causal connection between the defendant's conduct and the resulting harm and (4) the plaintiff suffered actual damage or loss. *R.W. v. Manzek*, 585 Pa. 335, 346, 888 A.2d 740, 746 (2005).

"The existence of a duty owed by a defendant is the threshold question in a negligence action, and this is generally a question of law." *Perez v. Great Wolf Lodge of the Poconos LLC*, 200 F. Supp. 3d 471, 478 (M.D. Pa. 2016) (quotation marks omitted). "Generally, there is no duty to control the acts of a third party unless the Defendant stands in some special relationship with either the person whose conduct needs to be controlled or with the intended victim of the conduct, which gives the intended victim a right to

protection." *Reason v. Kathryn's Korner Thrift Shop*, 169 A.3d 96, 102 (Pa. Super. Ct.

2017) (quotation marks and alteration omitted); *see also Midgette v. Wal-Mart Stores, Inc.*,

317 F. Supp. 2d 550, 557-58 (E.D. Pa. 2004) ("As a general rule under Pennsylvania law,

absent a pre-existing duty, a party cannot be held liable for the criminal actions of a third

party unless that party assumed a duty, through some act of its own.").

Plaintiff alleges that her minor child was a business invitee or visitor, (Doc. 9, ¶ 24),

which Wal-Mart does not dispute.[3]  "Pennsylvania law has long held that the duty a land

possessor owes to a person who enters his land is to be determined based on whether the

entrant is a trespasser, an invitee, or a licensee." *Perasso v. Caesars Cove Haven, Inc.*,

2012 WL 2121244, at *3 (M.D. Pa June 12, 2012) (internal citations omitted).  A business

invitee or visitor is "a person who is invited to enter or remain on land for a purpose directly

or indirectly connected with business dealings with the possessor of the land." *Estate of

Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997).  It is

---

[3]      As a business invitee, a special relationship exists between Wal-Mart and Plaintiff's minor child A.B.
*See Humphries v. Pennsylvania State Uni.*, 2021 WL 4355352, at *18 (M.D. Pa. Sept. 24, 2021) ("Drawn
from section 314A and 344 of the Restatement (Second) of Torts, this special relationship theory provides
yet another exception to the general rule that there is no duty to control the acts of a third party.  The two
restatements provisions work in tandem:  Section 314A clarifies that the business-invitee relationship is
special and thus an exception to the general rule, while section 344 qualifies the exception's scope.") (internal
citation and quotation marks omitted); *see also Reason*, 169 A.3d at 102 ("A 'special relationship' exists
between a business and its invitee.") (citations omitted).  As an employee of an independent contractor
working at the Wal-Mart store, David Hipsman was also a business invitee under Pennsylvania law.  *See
Comer v. Am. Transmission Sys., Inc.*, 2025 WL 1530750, at *6 (W.D. Pa. May 29, 2025) ("Employees of
independent contractors are business invitees."); *see also McDonald v. Lowe's Cos., Inc.*, 2009 WL 3060413,
at *5 (E.D. Pa. Sept. 24, 2009) ("In Pennsylvania, employees of independent contractors working on, or in
control of, premises owned by another are considered business invitees.") (citing *LeFlar v. Gulf Creek Indus.
Park No. 2*, 511 Pa. 574, 515 A.2d 875, 880 (Pa. 1986)).

well-settled that a business invitee is "entitled to the highest duty of care." *Id.* As such, a

land possessor is "subject to liability for the accidental, negligent, or intentionally harmful

acts of third persons...." *Feld v. Merriam*, 506 Pa. 383, 390-91, 485 A.2d 742, 745 (1984).

Plaintiff argues that the Wal-Mart owed her minor child a duty under § 344 of the

Restatement (Second) of Torts. "There is a well established Rule of Law that liability of a

possessor of land who holds that land open to patrons for business purposes has a duty to

prevent tortious acts of third parties to his patrons, or to warn his patrons of the possibility of

such tortious acts." *Moran v. Valley Forge Drive-In Theater, Inc.*, 431 Pa. 432, 435-36, 246

A. 2d 875 (Pa. 1968) (citing Restatement (Second) of Torts, § 344). Section 344 of the

Restatement (Second) of Torts provides:

> A possessor of land who holds it open to the public for entry for his business purposes
> is subject to liability to members of the public while they are upon the land for such a
> purpose, for physical harm caused by the accidental, negligent, or intentionally harmful
> acts of third persons or animals, and by the failure of the possessor to exercise
> reasonable care to
>
> > (a) discover that such acts are being done or are likely to be done, or
> > (b) give a warning adequate to enable the visitors to avoid the harm, or
> > otherwise to protect them against it.

Restatement (Second) of Torts § 344. Comment f to § 344 elaborates on a landowner's duty

to police his or her land:

> Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no
> duty to exercise any care until he knows or has reason to know that the acts of the
> third person are occurring, or are about to occur. He may, however, know or have
> reason to know, from past experience, that there is a likelihood of conduct on the part
> of third persons in general which is likely to endanger the safety of the visitor, even
> though he has no reason to expect it on the part of any particular individual. If the place

> or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Restatement (Second) of Torts § 344 cmt. f.  Both § 344 and comment f have been adopted as accurate statements of the law in Pennsylvania.  *See Moran,* 431 Pa. at 435-35; *Feld*, 485 A.2d at 745.

Section 344 does not impose a duty on landowners to prevent all criminal activity or intentional torts that occur on their land.  Instead, § 344 only imposes liability when a landowner does not "take reasonable precaution against that which might be *reasonably anticipated.*"[4]  *Feld*, 485 A.2d at 745 (emphasis added).  Thus, a court found that a property owner was under a duty to provide reasonable precautions against an assault that occurred in the owner's parking lot when the owner knew that numerous car thefts had previously occurred on the property.  *Morgan v. Bucks Assocs.*, 428 F. Supp. 546, 550-51 (E.D. Pa. 1977).  The court reasoned that the history of criminal activity in the parking lot was sufficient for a jury to determine that the property owner knew or should have known that there was a likelihood of third party conduct that could endanger visitors "and that defendant's past experience was 'such that he should reasonably anticipate careless or criminal conduct' on the part of third persons.'"  *Id.* at 551 (quoting Restatement (Second) of

---

[4]    Pursuant to "Section 344 of the Restatement of Torts, it is not necessary for defendants to be specifically aware of the exact location on their premises where patrons might be injured by the tortious acts of third persons.  It is sufficient to establish a jury question of liability if the evidence . . . shows that the defendants had notice, either actual or constructive, or prior acts committed by third persons within their premises which might cause injuries to patrons."  *Moran,* 431 Pa. at 437.

Torts § 344 cmt. f); *see also Murphy v. Penn Fruit Co.*, 418 A.2d 480, 483-84 (Pa. Super. Ct. 1980) (holding that a landowner was under a duty to provide reasonable precautions against a stabbing that occurred in the owner's parking lot when there has been a history of purse snatchings and muggings on the property).

Conversely, in *Midgette v. Wal-Mart Stores, Inc.*, a court held that Wal-Mart was not under a duty to take reasonable precautions to prevent an employee's husband from shooting the employee in the store because the plaintiff had "not shown how Defendant had either actual or constructive knowledge of the likelihood of [the husband]'s conduct" or any "evidence of frequent episodes of domestic violence occurring on the store premises by [the husband] or anyone else."  317 F. Supp. 2d at 562-63.  The Court reasoned that "despite [the husband]'s numerous visits to the store," the plaintiff did not present any evidence that her husband "behaved in a dangerous, violent, or unbecoming manner on the Wal-Mart premises" and that, therefore, it could not "be expected that Wal-Mart would have reason to foresee [the husband]'s violent actions." *Id.*

In this matter, the Court finds that Plaintiff has plausibly alleged that Wal-Mart, as a "possessor of land who holds it open to public for entry for his business purposes" had a duty to exercise reasonable care to protect and warn its business invitees like A.B. from harm resulting from the intentional and/or negligent actions of third parties like David Hipsman, and that Wal-Mart knew or should have known of David Hipsman's prior conduct such that Hipsman's sexual assault and battery of Plaintiff's minor child was reasonably

foreseeable.  As alleged in the Amended Complaint, Plaintiff plausibly alleges that Wal-Mart knew, or should have known, of the alleged prior sexual assault and battery committed by Hipsman at the Milford Wal-Mart store two weeks prior to his alleged sexual assault and battery on Plaintiff's minor child A.B. at the Honesdale Wal-Mart store.  (Doc. 9, ¶¶ 15-21, 23, 27).  The Amended Complaint further plausibly alleges that the alleged conduct of Hipsman's was reasonably foreseeable to Wal-Mart because it had actual or constructive notice of Hipsman's prior assault at the Milford Wal-Mart store two weeks before the alleged sexual assault on Plaintiff's minor child A.B. at the Honesdale Wal-Mart.  (*Id.*).

Consequently, Wal-Mart "had a duty to exercise reasonable care to protect its business invitees… from all harmful third party conduct that [Wal-Mart] reasonably anticipated due to the either the place or character of the business, or [Wal-Mart's] past experiences."  *Trux v. Roulhac*, 126 A.3d 991, 998 (Pa. Super. 2015).  Because Plaintiff is not seeking to impose vicariously liability on Wal-Mart for the actions of an employee of its independent contractor OSL, but instead seeks to impose direct liability under Section 344 of the Restatement (Second) of Torts and has plausibly alleged that Wal-Mart had actual or constructive notice of David Hipsman's prior alleged sexual assault and battery of a minor child at the Milford store, Wal-Mart's motion to dismiss will be denied.

B.   Punitive Damages

Wal-Mart next seeks to dismiss Plaintiff's claim for punitive damages.  (Doc. 15 at 12-13).  Under Pennsylvania law, punitive damages are appropriate where the defendant's

actions "are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal, Inc. v. Cont'l Grain Co.*, 526 Pa. 489, 493, 587 A.2d 702 (1991). Reckless indifference may also support an award of punitive damages. A defendant acts with reckless indifference when he "knows, or has reason to know, . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *Id.* at 494.

At the motion to dismiss stage, Courts in this Circuit generally decline to dismiss a plaintiff's claim for punitive damages. *See, e.g.*, *C.M. v. Am. Honda Motors Co.*, Civil Action No. 3:23-cv-00119, 2024 WL 1382760, at *6 (W.D. Pa. Apr. 1, 2024) ("Courts in this circuit have routinely found that, because whether punitive damages are appropriate involves factual determinations that are best made with the benefit of discovery, dismissing punitive damages claims on a 12(b)(6) motion is premature."); *Crandall v. Ballou*, 2023 WL 3136408, at *1 (M.D. Pa. Apr. 27, 2023) ("The court finds that it is premature and inappropriate to dismiss the punitive damages claim alleged in the complaint."); *Houck v. WLX, LLC*, Civil Action No. 3:19-CV-275, 2020 WL 1289810, at *3 (M.D. Pa. Mar. 16, 2020) ("The Court concludes that it is premature to dismiss the claim for punitive damages before discovery can reveal the presence or absence of conduct evidencing the requisite improper motive or reckless indifference on the part of Defendant and its agents."); *Fiorelli v. 2080019 Ontario, Inc.*, No. 3:14-cv-2405, 2015 WL 3916611, at *3 (M.D. Pa. June 25, 2015) ("For the above-

stated reasons, the court will deny [defendant's] motion to dismiss plaintiff's punitive

damages claim. Discovery is required to determine the validity of plaintiff's allegations of

reckless indifference.").

The Court concludes that Plaintiff's Amended Complaint plausibly alleges sufficient

outrageous and/or reckless conduct that could support an award of punitive damages, if

proven. (Doc. 9, ¶¶ 17-25). Specifically, Plaintiff alleges facts which the Court must

assume as true, that Wal-Mart knew, or has reason to know, "of facts which create a high

degree of risk of physical harm to another, and deliberately proceed[ed] to act, or to fail to

act, in consciousness disregard of, or indifference to, that risk." *SHV Coal*, 526 Pa. at 494.

Because the Amended Complaint plausibly alleges that Wal-Mart was recklessly indifferent

to a known risk of sexual assault and battery by David Hipsman, and consciously

disregarded or was indifferent to that risk, Wal-Mart's motion seeking dismissal of Plaintiff's

request for punitive damages will be denied.

### C.    Motion for a More Definite Statement

Wal-Mart next moves, pursuant to Federal Rule of Civil Procedure 12(e), for a more

definite statement. (Doc. 12, ¶¶ 40-47). Specifically, Wal-Mart seeks a more definite

statement of Plaintiff's allegations regarding the "invasion of privacy" contained in

Paragraph 32 of the Amended Complaint, "as Plaintiff's Claim for Invasion of Privacy is so

Vague that Moving Defendant Cannot Reasonably Prepare a Response." (*Id.* at 11).

Plaintiff opposes the motion, noting that the Amended Complaint does not assert a separate claim for invasion of privacy against Wal-Mart. (Doc. 18 at 12-14).

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). "[C]ourts have held that the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Rabinovich v. Bares*, Civil Action No. 3:22-cv-00753, 2023 WL 2167393, at *1 (M.D. Pa. Feb. 22, 2023). "Rule 12(e) motions are disfavored, are not a substitute for discovery, and should not be granted unless a complaint is so vague and ambiguous as to be unintelligible." *Johnson v. Sunoco, Inc.*, Civil Action No. 16-05512, 2018 WL 925009, at *5 (E.D. Pa. Feb. 15, 2018); *see also Hellyer v. Cnty. of Bucks*, Civil Action No. 10-2724, 2014 WL 413874, at *9 (E.D. Pa. Jan. 31, 2014) ("[A] motion under rule 12(e) motion is not a substitute for a motion under Rule 12(b)(6) or for discovery procedures.").

After reviewing the Amended Complaint, including the reference to "invasion of privacy" in Paragraph 32, the Court is convinced that the Amended Complaint is not sufficiently unintelligible such that Wal-Mart is unable to formulate a response or defense. Accordingly, Wal-Mart's motion for a more definite statement will be denied. *See Fenner v. Hannah*, Civil Action No. 3:15-2393, 2017 WL 1078176, at *3 (M.D. Pa. Mar. 22, 2017)

("The court finds that in reading all of the stated paragraphs together with the allegations set forth in the prior and subsequent paragraphs of the amended complaint they are sufficiently definite to preclude this court from requiring a more definite statement.").

### D.    Motion to Strike

Finally, Wal-Mart next moves pursuant to Federal Rule of Civil Procedure 12(f) to strike all references to Plaintiff's bringing this negligence claim "Individually." (Doc 12., ¶¶ 34-39). Plaintiff does not oppose the motion to strike. (Doc. 18 at 11) ("Plaintiff Agrees That 'Individually' Should Be Stricken from Paragraphs 1 and 7 of Plaintiff's Amended Complaint, as Plaintiff is not Asserting Any Individual Claims."). Accordingly, the Court will grant Wal-Mart's motion to strike as unopposed. All reference to the term "Individually" in Paragraph 1 and 7 will be stricken from the Amended Complaint.

### V.    CONCLUSION

For the foregoing reasons, Wal-Mart's motion to dismiss and motion for a more definite statement will be denied. Wal-Mart's motion to strike will be granted as unopposed. A separate Order follows.

Robert D. Mariani
United States District Judge